Michael A. Faillace[MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

PABLO ALONZO, *individually and on behalf of others similarly situated,*

                      *Plaintiff*,

      -against-

ALLSTATE INTERIOR & EXTERIOR
CONTRACTORS, INC. (d/b/a ALLSTATE
PAINTING), ALLSTATE PAINTING CORP.
(d/b/a ALLSTATE PAINTING), and
NICHOLAS PALMIERI,
                      *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Pablo Alonzo ("Plaintiff Alonzo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Defendants Allstate Interior & Exterior Contractors, Inc. (d/b/a Allstate Painting), Allstate Painting Corp. (d/b/a Allstate Painting), and Nicholas Palmieri (collectively the "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.     Plaintiff Alonzo was an employee of Allstate Interior & Exterior Contractors (d/b/a Allstate Painting), Inc., Allstate Painting Corp. (d/b/a Allstate Painting) ("Defendant

- 2 -

Corporations"), and Nicholas Palmieri.

2. Defendants own, operate, and/or control a construction company located at 510 S 3rd Ave, Mt Vernon, NY 10550 under the name "Allstate Painting."

3. Upon information and belief, Defendant Nicholas Palmieri serves or served as owner, manager, principal or agent of Defendant corporations and through these corporate entities operates or operated the construction company known as "Allstate Painting" as a joint or unified enterprise.

4. Plaintiff Alonzo was employed to work as a painter, construction worker, driver, repairman and handyman.

5. Plaintiff Alonzo worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

6. Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Alonzo appropriately for any hours worked over 40.

7. Further, defendants failed to pay Plaintiff Alonzo the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8. Defendants' conduct extends beyond Plaintiff Alonzo to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alonzo and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Alonzo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Alonzo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

13. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Alonzo was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Pablo Alonzo*

14. Plaintiff Alonzo is an adult individual residing in Bronx County, New York.

15. Plaintiff Alonzo was employed by Defendants from approximately 2004 until on or about January 2017.

16. Plaintiff Alonzo consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

17. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a construction company located at 510 S 3rd Ave, Mt Vernon, NY 10550, under the name "Allstate Painting."

18. Upon information and belief, Allstate Interior & Exterior Contractors, Inc. and Allstate Painting Corp. are corporations organized and existing under the laws of the State of New York.

19. Upon information and belief, these corporations maintain their principal place of business at 510 S 3rd Ave, Mt Vernon, NY 10550.

20. Defendant Nicholas Palmieri is an individual engaging in business in this judicial district during the relevant time period.

21. Defendant Nicholas Palmieri is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

22. Upon information and belief, Defendant Nicholas Palmieri possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23. Nicholas Palmieri determined the wages and compensation of the employees of Defendants, including Plaintiff Alonzo, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

24. As alleged above, Defendants operate a construction company located in Westchester County.

25. Defendants maintain, as their principal place of business, a centralized office located at 510 S 3rd Ave, Mt Vernon, NY 10550.

26. Upon information and belief, Defendant Nicholas Palmieri possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Alonzo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Alonzo, and all similarly situated individuals referred to herein.

29. Defendants jointly employed Plaintiff Alonzo, and all similarly situated individuals, and were his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Alonzo and/or similarly situated individuals.

31. Upon information and belief, Individual Defendant Nicholas Palmieri operates Defendant Corporations as either alter egos of himself, and/or fails to operate Defendant Corporations as entities legally separate and apart from himself by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

   b. defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating Defendant Corporations for his own benefit as the sole or majority shareholder;

   e. operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations or closely held controlled entities;

   f. intermingling assets and debts of his own with Defendant Corporations; and

   g. other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiff Alonzo's employers within the meaning of the FLSA and NYLL.

33. Defendants had the power to hire and fire Plaintiff Alonzo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his services.

34. In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the construction company on a daily basis, such as paint and sandpaper, were produced outside of the State of New York.

*Plaintiff Pablo Alonzo*

36. Plaintiff Alonzo is a former employee of defendants, primarily employed in performing the duties of a painter, construction worker, driver, repairman and handyman.

37. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b)

38. Plaintiff Alonzo was employed by Defendants from approximately 2004 until on or about January 2017.

39. At all times relevant to this complaint, Plaintiff Alonzo was an employee of Defendants employed to work as a painter, construction worker, driver, repairman and handyman.

40. Plaintiff Alonzo's work duties required neither discretion nor independent judgment.

41. Plaintiff Alonzo regularly handled goods in interstate commerce, such as cement, construction tools, sandpaper and other supplies produced outside of the State of New York.

42. Throughout his employment with Defendants, Plaintiff Alonzo regularly worked in excess of 40 hours per week.

43. From approximately January 2011 until on or about November 2014, Plaintiff Alonzo worked from approximately 7:30 a.m. until on or about 5:30 p.m. five days a week and from approximately 7:30 a.m. until on or about 6:30 or 7:00 p.m. two days a week (typically 72 to 74 hours per week).

44. From approximately December 2014 until on or about January 2017, Plaintiff Alonzo worked from approximately 8:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 48 hours per week).

45. Throughout his employment with defendants, Plaintiff Alonzo was paid his wages in a combination of check and cash.

46. From approximately January 2011 until on or about November 2013, Defendants paid Plaintiff Alonzo a fixed salary of $75 per day.

47. From approximately December 2013 until on or about May 2014, Defendants paid Plaintiff Alonzo a fixed salary of $80 per day.

48. From approximately May 2014 until on or about January 7, 2017, defendants paid Plaintiff Alonzo a fixed salary of $85 per day.

49. Plaintiff Alonzo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50. For example, from approximately January 2011 until on or about November 2014, defendants required Plaintiff Alonzo to work one to two hours past his scheduled departure time two days a week and did not compensate him for the additional time they required him to work.

51. Plaintiff Alonzo was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

52. Instead, from approximately 2014 until on or about January 7, 2017, defendants required Plaintiff Alonzo to sign a document that falsely stated that he only had worked from 9:00 a.m. until on or about 4:00 p.m. Mondays through Fridays in order to get his weekly compensation.

53. Defendants did not provide Plaintiff Alonzo with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

54. Instead, from approximately 2014 until on or about January 2017, defendants would provide Plaintiff Alonzo a check that only covered the hours they alleged he had worked from Monday to Friday and would falsely state that he was getting $10.65 per hour.

55. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Alonzo regarding overtime and wages under the FLSA and NYLL.

56. Defendants did not provide any notice to Plaintiff Alonzo, in English and in Spanish (Plaintiff Alonzo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57. Defendants required Plaintiff Alonzo to purchase "tools of the trade" with his own funds—including 2 boxes of masques a year, 2 uniforms per year, 6 pairs of gloves per year, 2 pairs of boots per year, and about $150 per year in paint brushes.

*Defendants' General Employment Practices*

58. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alonzo and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation and spread of hours pay as required by federal and state laws.

59. Defendants did not pay Plaintiff Alonzo and similarly situated employees their overtime pay.

60. Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff Alonzo and all similarly situated employees with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of the employees' relative lack of sophistication in wage and hour laws.

61. Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

62. Defendants did not provide Plaintiff Alonzo and all similarly situated employees with any document or other statement accurately accounting for their actual hours worked and setting forth the minimum wage rate and overtime wage.

63. Plaintiff Alonzo and all similarly situated employees were paid their wages in a combination of check and cash.

64. Defendants required Plaintiff Alonzo to sign a document which falsely stated that he had worked fewer hours than he actually had worked in order to get paid each week.

65. Defendants paid Plaintiff Alonzo affixed daily salary regardless of the number of hours he worked each week.

66. Plaintiff Alonzo was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67. Defendants habitually required Plaintiff Alonzo to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

68. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Alonzo by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

69. Defendants also failed to provide Plaintiff Alonzo with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Alonzo's relative lack of sophistication in wage and hour laws.

70. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Alonzo (and similarly situated individuals) worked, and to avoid paying Plaintiff Alonzo properly for his full hours worked, including overtime and spread of hours pay.

71. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Alonzo and other similarly situated current and former employees.

73. Plaintiff Alonzo's experience is representative of all those who were similarly situated, who have worked for Defendants, who were paid in a combination of check and cash and never received any document or statement that accurately stated the rate of pay or actual number of hours worked.

74.     Defendants failed to provide Plaintiff Alonzo and other employees with wage statements, at the time of each payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

75.     Defendants failed to provide Plaintiff Alonzo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76.     Plaintiff Alonzo brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

77. At all relevant times, Plaintiff Alonzo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime wages and willfully failing to keep records required by the FLSA.

78. The claims of Plaintiff Alonzo stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

79. Plaintiff Alonzo repeats and re-alleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of 29 U.S.C. § 207(a)(1) of the FLSA, failed to pay Plaintiff Alonzo and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

81. Defendants' failure to pay Plaintiff Alonzo and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff Alonzo and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

83. Plaintiff Alonzo repeats and re-alleges all paragraphs above as though fully set forth herein.

84. Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiff Alonzo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

85. Defendants' failure to pay Plaintiff Alonzo overtime compensation was willful within the meaning of NYLL § 663.

86. Plaintiff Alonzo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

87. Plaintiff Alonzo repeats and re-alleges all paragraphs above as though fully set forth herein.

88. Defendants failed to pay Plaintiff Alonzo (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Alonzo's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

89. Defendants' failure to pay Plaintiff Alonzo (and the FLSA Class members) an additional hour's pay for each day Plaintiff Alonzo's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

90. Plaintiff Alonzo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW)

91. Plaintiff Alonzo repeats and re-alleges all paragraphs above as though fully set forth herein.

92. Defendants failed to provide Plaintiff Alonzo with a written notice, in English and in Spanish (Plaintiff Alonzo's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

93. Defendants are liable to Plaintiff Alonzo in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

94. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

95. Defendants did not provide Plaintiff Alonzo with a wage statement with each payment of wages, as required by NYLL 195(3).

96. Defendants are liable to Plaintiff Alonzo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

97. Plaintiff Alonzo repeats and re-alleges all paragraphs above as though set forth fully herein.

98. Defendants required Plaintiff Alonzo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as masques, boots and uniforms , further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

99. Plaintiff Alonzo was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alonzo respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alonzo and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Alonzo's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Alonzo and the FLSA class members;

(e) Awarding Plaintiff Alonzo and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Alonzo and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alonzo and the members of the FLSA Class;

(h)     Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Alonzo;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Alonzo's compensation, hours, wages; and any deductions or credits taken against wages, as well as spread of hours pay under the NYLL;

(j)     Declaring that Defendants' violations of the NYLL were willful as to Plaintiff Alonzo and the FLSA Class members;

(k)     Declaring that Defendants violated the provisions of section 191 of the NYLL;

(l)     Awarding Plaintiff Alonzo and the FLSA class members damages under the NYLL for the amount of unpaid spread of hours pay, overtime wages as well as damages for violations of section 191 of the NYLL;

(m)     Awarding Plaintiff Alonzo and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown pursuant to NYLL § 663 and 198-d;

(n)     Awarding Plaintiff Alonzo and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Alonzo and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Alonzo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        January 13, 2017

                                            By:    /s/ Michael Faillace  _____
                                                   Michael Faillace

                                                   MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                   60 East 42nd Street, Suite 2540
                                                   New York, New York 10165
                                                   Telephone: (212) 317-1200
                                                   Facsimile: (212) 317-1620
                                                   *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 13, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Pablo Alonzo

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:        *[signature]*

Date / Fecha:             13 de enero de 2017