# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

July 27th, 2018

**VIA ECF**
Hon. Cathy Seibel, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-415

   Re: <u>Alonzo, Pablo, et al v. Allstate Interior & Exterior Contractors, Inc., et al.</u>,
     17-cv-300

Your Honor:

  This office represents Plaintiff in the above-referenced matter. We write to respectfully request that the Court approve the parties' settlement of the above-referenced matter.

  The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discovery and settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** Plaintiff therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

  While the settlement amount is less than the Plaintiff's best-case scenario after trial, the amount of the settlement is fair and the result of arm's length bargaining as required by <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015). For these reasons and based on the reasons set forth below, the Plaintiff respectfully request that the Court enter an Order approving the settlement as fair and reasonable.

**Background**

  Plaintiff was a general laborer for the Defendants who alleges to have worked extensive overtime between at least 2011 and 2014 then an average of forty-eight (48) between 2014 and 2017. Plaintiff was paid a fixed day rate at any given point during his employ that did not provide for a premium for hours over 40 hours in a week.

  Defendants contest the hours worked by the Plaintiff and argue that Plaintiff rarely if ever worked over 40 hours within a week. Defendants did produce time records from 2014 until the end of the Plaintiffs employ in 2017 – the accuracy and completeness of which the Plaintiff disputes.

Hon. Cathy Seibel
October 5th, 2018
Page 2 of 5

**Best Case Scenario**

There are two competing manners in which to calculate Plaintiffs potential damages, if his claims were credited by the trier of fact. The first method is the so-called 'Divide by 40' method where Plaintiff's fixed day rates would be treated as a weekly salary that covered only the first 40 hours of his employ so as to yield a higher regular rate of pay and, consequently, a higher overtime rate of pay. The second and more conservative method of calculating his damages would calculate Plaintiff's regular rate of pay by dividing the fixed rate by the actual, or average, number of hours that Plaintiff worked within a week.

Under the 'Divide by 40' method, Plaintiff could receive upwards of $148,000.00 in back pay (prior to liquidated damages and other penalties) if he prevailed on all claims at trial. **Exhibit B** *Damage Chart Dividing by 40*. Under the 'Divide by Hours Worked' method, Plaintiff could receive $29,565.83 in back pay if he prevailed on his claims at trial (prior to the application of liquidated damages and other penalties). **Exhibit C** *Dividing by Hours Worked*.

**Risks of Trial**

Defendants disputed the hours worked by the Plaintiff and presented time records covering 2014 until the end of Plaintiff's employ which did not record work over 40 hours in a week. Plaintiff disputes the accuracy and completeness of those records. However, without re-opening the details of that dispute, the parties recognize that there is a credible risk that a trier of fact could credit the records yielding a diminished or negligible recovery.

**Settlement**

In light of the risks and burden of trial, the parties have agreed to settle Plaintiff's claims for $20,000.00 inclusive of attorney's fees/costs payable as per the attached Settlement Agreement. **See Exhibit A** *Settlement Agreement*. The Agreement was reached after extensive back and forth negotiations prior to trial which included extensive discussions before Magistrate Judge McCarthy. This ultimate settlement value is within the range of values discussed at the last settlement conference.

Twelve Thousand Five Hundred and Thirty-Nine Dollars and Sixty Cents ($12,539.60) of the settlement amount will be paid to the Plaintiff himself. Taking costs of $1,200.00 from the settlement fund yields a net fund of $18,800 from which Plaintiff's counsel seek 33.3% - $6,260.40 in addition to the re-couped $1,200.00 in costs.

Plaintiff's counsel costs are the $400.00 filing fee and $800.05 for the depositions of Defendant and one non-party. **Exhibit D** *Deposition Invoice*. Plaintiff's counsel also expended costs on service of process in this matter but seek only the recoup the $1,200.00 for the civil case filing fee and $800.00 for the depositions.

Hon. Cathy Seibel
October 5th, 2018
Page 3 of 5

**Fairness Standard:**

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by experienced counsel throughout this lawsuit and has made an informed decision to settle the action at this stage of litigation without incurring the costs or risk of trial. *See Meigel v. Flowers of the World NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement.").

The $12,140.00 that he will be receiving amounts to 40% of Plaintiff's best case scenario of unpaid overtime wages under the divide by hours worked method of calculation. Further, the agreement provides that payment will be made in one fell swoop 30 days after approval

Furthermore, this settlement amount was well within the range discussed during a settlement conference held before Judge McCarthy.

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $7,460.40 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court. This represents 37% of the settlement fund.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' counsels' requested award is reasonable. *See* Alleyne v. Time Moving &

Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsels' significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. (Insert other cases that have approved this rate)

- Colin Mulholland is an associate with Michael Faillace & Associates since May of 2017. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. Since joining Faillace's firm, Mr. Mulholland has obtained the largest trial verdict in the history of the firm after a jury trial before Judge Richard Sullivan for over $2.2 million dollars. He bills at a rate of $375 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement along with their costs. This case has been heavily litigated including an extensive mediation session at the outset of the case, a long settlement conference before Judge McCarthy and three lengthy depositions. Plaintiff's counsel is losing money on this case at the end of the day.

Here, Plaintiff's counsel litigated the Plaintiff's claims to the very threshold of trial and were thus able to secure a fair recovery for the Plaintiff without unduly exposing the Plaintiff to a contrary finding of fact at trial regarding his hours worked. Furthermore, the approval of a one-third fee in this matter would contribute greatly to encouraging the plaintiffs' bar to accept reasonable settlements prior to trial so as to alleviate congestion in the court's trial docket.

**Conclusion**

In full consideration of the issues presented in *Cheeks* and *Wolinsky,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

Hon. Cathy Seibel
October 5th, 2018
Page 5 of 5

       Thank you for your consideration in this matter.

                                                Respectfully Submitted,

                                                /s/ Colin Mulholland, Esq.
                                                Michael Faillace, Esq.
                                                Michael Faillace & Associates, P.C.
                                                *Attorneys for Plaintiff*

cc:      Defendants' Counsel (via ECF)